UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20577-CR-ROSENBAUM

UNITED STATES OF AMERICA

vs.

BRANDON AGUAYO,

    **Defendant.**

_____/

**FACTUAL PROFFER**

Had this matter proceeded to trial, the United States would have proved the following facts, among others, beyond a reasonable doubt:

The defendant and A.G. communicated frequently over the phone, through text messages, through Skype conversations, through Facebook messages, and by other means. Many of the messages exchanged between the defendant and A.G. were highly sexually explicit. In several of the messages, the defendant described sex acts that he wanted A.G. to perform on him including, for example, oral sex. The defendant frequently encouraged A.G. to send explicit photographs of herself to him via text message, and A.G. often complied. The defendant also sent explicit photographs and videos of himself to A.G.

A.G. sometimes shared her bedroom with her fourteen-year-old nephew, D.L. D.L. became aware of the relationship between and the defendant and A.G. and knew that the defendant was interested in receiving explicit pictures of A.G. At the defendant's direction, D.L. took several photos and at least one video of A.G. naked, and sent them to the defendant via text message.

Eventually the defendant and A.G. decided that the defendant should come to Miami, pick up A.G. and take her back to live in New Jersey with him. The defendant and A.G. discussed the

plan over the telephone and via text messages. On July 10, 2012, the defendant traveled from New Jersey to Miami on a US Airways flight. That night, the defendant entered A.G.'s bedroom through her window, and had A.G. perform oral sex on him. D.L. was present in the room at the time. The next morning, without telling A.G.'s mother and after paying D.L. to stay silent, the defendant and A.G. left on a Greyhound bus from Miami International Airport traveling to New York. The defendant engaged with additional sexual activity with A.G. on the bus. When A.G.'s mother discovered that she was missing, she contacted law enforcement authorities, who ultimately apprehended the defendant and recovered A.G. at a bus stop in Richmond, Virginia.

When he was arrested, the defendant gave a post-<u>Miranda</u> statement in which he admitted,, among other things, his relationship with A.G., his knowledge of her true age of thirteen years old, the sexual activity that had taken place in A.G.'s bedroom and on the bus, and his solicitation and receipt of naked pictures of A.G. The defendant also candidly admitted that he intended to have sex with A.G. once they arrived in New Jersey. As the interview was concluding, the defendant asked if he could continue on his journey with A.G.

The sexual acts that the defendant enticed and encouraged A.G. to perform, and the sexual acts that they did perform, constitute crimes for which the defendant could have been charged in both

the State of Florida and the State of New Jersey.

The acts described above took place, in part, in the Southern District of Florida.

Date: 3-29-13   By: _____
SETH M. SCHLESSINGER
ASSISTANT UNITED STATES ATTORNEY

Date: 3-29-13   By: _____
BRUCE H. FLEISHER, ESQ.
ATTORNEY FOR DEFENDANT

Date: 3-29-13   By: _____
BRANDON AGUAYO
DEFENDANT