# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 11, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-13271-AA
Case Style: USA v. Brandon Aguayo
District Court Docket No: 1:12-cr-20577-RSR-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Regina A. Veals-Gillis
Phone #: (404) 335-6163

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 13-13271
_____

District Court Docket No.
1:12-cr-20577-RSR-1

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

versus

BRANDON AGUAYO,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 21, 2014
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE:  06/11/2014**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13271
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20577-RSR-1

UNITED STATES OF AMERICA,

                                                                                                                       Plaintiff-Appellee,

versus

BRANDON AGUAYO,

                                                                                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2014)

Before MARTIN, FAY and COX, Circuit Judges.

PER CURIAM:

      Brandon Adam Aguayo appeals his below-guidelines sentence of 150 months imprisonment, followed by a lifetime term of supervised release, imposed

after pleading guilty to one count of enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Aguayo contends that his sentence of 150 months imprisonment followed by a lifetime term of supervised release is substantively unreasonable even though it is a substantial downward departure from the guideline range of 210–262 months. According to Aguayo, U.S.S.G. § 2G2.2 is overly harsh and should not be given deference. Additionally, Aguayo contends that the district court failed to consider various factors in calculating his sentence. Because Aguayo has not demonstrated that the district court abused its discretion, we affirm.

## I. Standard of Review

We review the reasonableness of a sentence using a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and factors outlined in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We will remand for resentencing only if the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted). We have recognized that "there is a range of reasonable sentences from which the

district court may choose." *Talley*, 431 F.3d at 788.  A sentence that falls within the guideline range is one indicator of a reasonable sentence.  *Id*.  A sentence imposed well below the statutory maximum may also be an indicator of reasonableness.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## II. Discussion

First, Aguayo contends that U.S.S.G § 2G2.2 should be ignored because it has been modified by Congress instead of being independently created by the Sentencing Commission.  Aguayo's theory has several problems.  We have previously rejected this argument.  *United States v. Irey*, 612 F.3d at 1212 n.32.  Even putting that aside, Aguayo's guideline range was calculated under U.S.S.G. § 2G2.1, not § 2G2.2.  Finally, Aguayo fundamentally misunderstands the relationship between this court and Congress.  Congress passes laws, and this court applies them to the cases before us.  The fact that Congress directly intervened to set this guideline does not give it less legitimacy.

Second, Aguayo contends that his sentence is substantively unreasonable because the district court did not give sufficient weight to the nature of the restraining order against him, his familial support, and his mental health condition.  However, the record reveals that the district court considered all of these factors.  And, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1322

3

(11th Cir. 2008). Aguayo has not shown that the district court abused its discretion by giving an improper factor significant weight or by committing a clear error of judgment in balancing the proper factors. *See Irey*, 612 F.3d at 1189.

Aguayo's sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. As the district court noted, the offense was serious due to the age of the minor involved. Furthermore, the need to protect the public was high due to Aguayo's troubling stalking behavior. However, in light of Aguayo's young age, his lack of criminal history, his promising future, and his treatable mental health problems, the district court granted a substantial downward variance and imposed a sentence of 150 months imprisonment, which is 60 months below the low end of the applicable guideline range. *See* U.S.S.G § 2G2.1. We would ordinarily expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 788. And it is in this case.

Aguayo's lifetime term of supervised release was also substantively reasonable, in light of the previously mentioned factors and the Sentencing Commission's policy statement that "[i]f the . . . offense of conviction is a sex offense, . . . the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b)(2). The lifetime term of supervised release is within the applicable guideline range. *See* U.S.S.G. § 5D1.2(b)(2), (c); *see* 18 U.S.C. § 3583(k). We would ordinarily expect such a sentence to be reasonable, *Talley*, 431

F.3d at 788. Aguayo has not met his burden of showing that it is outside the range of reasonable sentences dictated by the facts of the case. *See Irey*, 612 F.3d at 1190.

### III. Conclusion

The district court did not abuse its discretion, and we affirm.

**AFFIRMED.**